## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **VICTORY OUTREACH INTERNATIONAL CORPORATION** a California nonprofit corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**TWITTER, INC.,** a Delaware corporation,<br><br>and<br><br>**VICTORY OUTREACH MINISTRIES CHURCH ,** a Missouri nonprofit corporation,<br><br>**Defendants.** | Civil Action No.<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Victory Outreach International Corporation (plaintiff or "Victory Outreach International"), for its complaint against defendants Twitter, Inc. ("Twitter") and Victory Outreach Ministries Church ("VOMC"), alleges and states as follows:

### INTRODUCTION

1. Victory Outreach International is an international ministry with hundreds of ministry centers in the United States and in 23 other countries. Since 1982, Victory Outreach International has owned the registered trademark VICTORY OUTREACH.

2. This action arises out of VOMC's infringement of plaintiff's trademark in which VOMC is using the mark VICTORY OUTREACH in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, respectively, and the common law.

3. Defendant Twitter has directly and contributorily infringed plaintiff's trademark by knowingly and intentionally providing the Twitter online identifier, "VICTORYOUTREACH" used by VOMC and then publishing Tweets by VOMC using that Username despite plaintiff's demand that Twitter cease and desist from this conduct.

## PARTIES

4. Plaintiff Victory Outreach International is a California nonprofit corporation having its principal location at 250 West Arrow Highway, San Dimas, California 91773.

5. Defendant Twitter, Inc. is a Delaware corporation with its principal location at 1355 Market Street, Suite 900, San Francisco, California 94103; service of process may be obtained upon CT Corporation System, 818 W Seventh Street, Los Angeles, California 90017.

6. Defendant Victory Outreach Ministries Church is a Missouri nonprofit corporation with its principal location at 718 North Benvenue Drive, St. Louis, Missouri 63137; service of process may be obtained upon VOMC by serving its registered agent: Wayne Luster, 718 North Benvenue Drive, St. Louis, Missouri 63137.

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1337, 1338(a) and 1367.

8. This Court has personal jurisdiction over VOMC because VOMC resides and does business in this District; this court has personal jurisdiction over Twitter because Twitter conducts business by providing internet, communication, and marketing services worldwide and has committed acts of trademark infringement and/or has contributed to or

induced acts of trademark infringement by others in this district in violation of 15 U.S.C. § 1125.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Facts Common to All Counts

10. Victory Outreach International was founded in 1967 and has grown to become a network of over 600 churches and ministries, with locations across the United States and in thirty countries from the Philippines to the Netherlands.  As such, Victory Outreach International has grown into one of the largest inner-city ministries of the world meeting the needs of people from all walks of life.

11. Victory Outreach International has branded its churches and ministries with the VICTORY OUTREACH trademark, which was registered on September 21, 1981 under Registration Nos. 1,210,107 and 1,210,108 (the "VICTORY OUTREACH Trademarks").  Attached hereto as Exhibits A and B.

12. The VICTORY OUTREACH Trademarks are currently in full force and have become incontestable under 15 U.S.C. § 1065.

13. Over time, Victory Outreach International has registered other trademarks in protection of its rights.  VICTORY OUTREACH G.A.N.G. INTERNATIONAL was registered on February 19, 2008 under Registration No. 3,384,310; VICTORY OUTREACH INTERNATIONAL UNITED WE CAN was registered on May 22, 2012, under registration No. 4,185,058; and VO VICTORY OUTREACH INTERNATIONAL SINCE 1967 was

registered on June 12, 2012, as Registration No. 4197038.  Attached as Exhibits C, D, and E, respectively.

14.     VOMC was organized as a nonprofit corporation in the state of Missouri in 2009.

15.     On October 9, 2010, VOMC filed an intent-to-use the trademark VICTORY OUTREACH MINISTRIES CHURCH with the United States Patent and Trademark Office ("USPTO"), Serial No. 85149006.  VOMC's application for registration of this trademark was not granted by the USPTO and thereafter was abandoned by VOMC.  Through the course of this filing with the USPTO, VOMC was made aware of Victory Outreach International's ownership of the VICTORY OUTREACH trademarks.

16.     Nonetheless, VOMC has continued to use the VICTORY OUTREACH Trademarks in the promotion of its church and ministries in violation and infringement of plaintiff's intellectual property rights.

17.     For example, VOMC prominently displays and uses the mark "Victory Outreach" on all pages of its website, including the page that allows for anyone who visits the website to make a monetary donation to VOMC.

18.     On or about February 11, 2013, representatives of plaintiff sent to representatives of VOMC an email demanding that defendant cease and desist from further use of the VICTORY OUTREACH Trademarks.

19.     On or about March 25, 2013, through counsel, plaintiff again sent VOMC written correspondence demanding that VOMC cease and desist from further use of the VICTORY OUTREACH Trademarks.

20. Notwithstanding VOMC's knowledge of plaintiff's ownership of the VICTORY OUTREACH Trademarks through the United States Patent & Trademark Office, and the two cease and desist letters sent by plaintiff to VOMC, VOMC continues to infringe the VICTORY OUTREACH Trademarks in violation of plaintiff's rights.

21. Hence, VOMC's infringement is intentional and undertaken with full knowledge of plaintiff's ownership of the VICTORY OUTREACH Trademarks and the rights protected thereby.

22. Additionally, plaintiff discovered that VOMC has registered the username "VICTORYOUTREACH" with defendant Twitter.

23. According to Wikipedia, "Twitter is an online social networking service and microblogging service that enables its users to send and read text-based messages of up to 140 characters, known as 'tweets.'" According to its own website, "Twitter connects businesses to customers in real time—and businesses use Twitter to quickly share information with people interested in their products and services, gather real-time market intelligence and feedback, and build relationships with customers, partners and influencers. From brand lift to CRM to direct sales, Twitter offers businesses an easy way to reach an engaged audience."

24. Twitter's website goes on to speak to its world-wide reach: "Twitter was founded in San Francisco, but it's used by people in nearly every country in the world. The service is available in more than 20 languages, and we continue to add them."

25. To do this, Twitter's Cheat Sheet for business suggests that, when establishing a Username, that the Username "Incorporate your brand name…" and that images used "[v]isually represent your brand."

26. Indeed, Twitter claims to protect trademarks in its "Trademark Policy," found at http://support.twitter.com/articles/18367-trademark-policy#.

27. That Trademark Policy states: "Using a company or business name, logo, or other trademark-protected materials in a manner that may mislead or confuse others with regard to its brand or business affiliation may be considered a trademark policy violation."

28. On or about May 15, 2013, pursuant to Twitter's Trademark Policy, plaintiff requested that defendant Twitter transfer the name VICTORYOUTREACH@twitter.com to plaintiff and simultaneously informed Twitter that plaintiff owned the registered trademark VICTORY OUTREACH.

29. On or about May 28, 2013, Twitter responded through it's representative "drea" of the Twitter Trust & Safety department, and stated that "[t]he account is not being used in a way that is misleading or confusing with regard to its brand, location or business affiliation…. Twitter does not have a username reservation policy.  Users are free to select any name for their account, provided that they do not violate Twitter's Terms of Service or Rules."

30. On or about June 3, 2013, this time through counsel, plaintiff informed Twitter of VOMC's use of the Twitter username "VICTORYOUTREACH" in a manner that infringes the VICTORY OUTREACH Trademarks.  A true and correct copy of that letter is attached as Exhibit F and incorporated herein by this reference.

31. On or about July 12, 2013, Twitter again responded through its representative "drea" of the Twitter Trust & Safety department, and sent an email identical to the one sent on May 28, 2103.

32.     Indeed, VOMC also established a Facebook page, but when the infringement was brought to Facebook's attention, Facebook took down VOMC's infringing Facebook page.  See Exhibit G, which is incorporated herein by this reference.

33.     Despite plaintiff's best efforts, VOMC and Twitter have failed and refused to terminate the use of VICTORY OUTREACH and thus continue to infringe plaintiff's trademark and other intellectual property rights.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### AGAINST DEFENDANT VOMC
15 U.S.C. §1114

34.     Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

35.     This Count is pleaded against defendant VOMC.

36.     Defendant VOMC has infringed the VICTORY OUTREACH Trademarks by displaying the VICTORY OUTREACH Trademarks on its website and various places on the internet, signage, promotional materials, and other materials, all of which was done without plaintiff's permission or consent.

37.     Defendant VOMC's use of the VICTORY OUTREACH Trademarks in commerce without plaintiff's consent is likely to cause confusion, cause mistake, or deceive the consumer as to the source, affiliation, or sponsorship.

38.     Defendant VOMC's use of the VICTORY OUTREACH Trademarks enables defendant to benefit unfairly from plaintiff's reputation and success, thereby giving defendants' ministries, churches and fundraising efforts value they otherwise would not have.

39. Prior to defendant VOMC's first use of the VICTORY OUTREACH Trademarks, defendant was aware of plaintiff's churches and ministries and had either actual notice and knowledge, or constructive notice of plaintiff's registered trademarks.

40. Defendant VOMC's use of the VICTORY OUTREACH Trademarks, without the consent of plaintiff, is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of defendant's churches and ministries and/or to cause confusion or mistake in violation of 15 U.S.C. § 1114(a).

41. Defendant VOMC intended to confuse consumers as to the source of defendant's ministries and churches.

42. Defendant VOMC's infringement of the VICTORY OUTREACH Trademarks as described herein has been intentional, willful, and without regard to plaintiff's rights.

43. Defendant VOMC gained revenue and profits by virtue of their infringement of the VICTORY OUTREACH Trademarks.

44. Plaintiff also has sustained damages as a direct and proximate result of defendant VOMC's infringement of the VICTORY OUTREACH Trademarks in an amount to be determined at trial.

45. Because defendant VOMC's actions have been committed with intent to damage plaintiff and to confuse and deceive the public, plaintiff is entitled to defendants' profits, treble plaintiff's actual damages, an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL TRADEMARK INFRINGEMENT
### AGAINST DEFENDANT TWITTER
15 U.S.C. §1114

46.     Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

47.     This Count is pleaded against defendant Twitter.

48.     Defendant Twitter operates a system on the internet in which users select a name, called a "Username," used on Twitter's system.  Each Username is unique on the system.

49.     Each registered user may post communications, which Defendant Twitter calls "Tweets," to the system using the user's Username.

50.     These Tweets can include advertisements, offers, solicitations, and promotional information.

51.     Tweets are sent to other users who have elected to receive them from that Username and the user of that Username is identified as the source of such Tweets

52.     Upon VOMC's registration, Twitter assigned the Username "VICTORYOUTREACH" to VOMC.

53.     The VOMC twitter account with the Username VICTORYOUTREACH is used by VOMC for the same purposes plaintiff uses the Victory Outreach trademark, namely the promotion of its ministries, including the raising of funds to support those ministries.

54.     Twitter exercises dominion and control over the Usernames on its system and thus exercises dominion and control over VOMC's ability to use VICTORYOUTREACH as a Username.

55. Notwithstanding Twitter's ability to terminate VOMC's ability to use VICTORYOUTREACH as a Twitter Username, and despite plaintiff's demand that Twitter do so, Twitter has failed and refused to terminate VOMC's use of VICTORYOUTREACH as a Twitter Username on its account.

56. Notwithstanding Twitter's ability to transfer the Username VICTORYOUTREACH to plaintiff, and despite plaintiff's demand that Twitter do so, Twitter has failed and refused to transfer the Twitter Username VICTORYOUTREACH to plaintiff.

57. Twitter's system is proprietary and self-contained. Tweets bearing the label and Username VICTORYOUTREACH are delivered by Twitter to other Twitter users on its system. Hence, with full knowledge of plaintiff's rights in the trademark VICTORY OUTREACH, and over plaintiff's request to cease this activity, Twitter continues to deliver and publish Tweets to other Twitter users and thus infringes plaintiff's rights in the name VICTORY OUTREACH.

58. The damage suffered by plaintiff as a result of Twitter's infringement of plaintiff's rights in the trademark VICTORY OUTREACH is irreparable and continuing.

## COUNT III

### FEDERAL CONTRIBUTORY TRADEMARK INFRINGEMENT AGAINST DEFENDANT TWITTER

59. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

60. This Count is pleaded in the alternative to Count VII against defendant Twitter.

61.     Defendant Twitter has provided the means on the Twitter system by which VOMC has infringed plaintiff's rights in the trademark VICTORY OUTREACH.

62.     Defendant Twitter has knowledge of plaintiff's registrations with the U.S. Patent and Trademark Office in the VICTORY OUTREACH trademarks.

63.     Notwithstanding this knowledge, defendant Twitter continues to publish Tweets bearing the Username VICTORYOUTREACH in a manner which infringes plaintiff's rights in its federally registered trademarks.

## COUNT IV

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### AGAINST DEFENDANT VOMC
15 U.S.C. § 1125(a)

64.     Plaintiff incorporates by this reference the previous allegations as though fully set forth in this paragraph.

65.     This Count is pleaded against defendant VOMC.

66.     The unauthorized use of the VICTORY OUTREACH Trademarks is likely to cause the public to believe, erroneously, that defendant's ministries and churches are sponsored by, endorsed by, or associated with plaintiff.

67.     Defendant VOMC's use of the VICTORY OUTREACH Trademarks as if owned by defendant constitutes a false designation of origin and unfair competition.

68.     Defendant VOMC's use of the VICTORY OUTREACH Trademarks on their own websites, materials, promotional materials, signage, ministries and churches is likely to cause the public to believe, erroneously, that these websites, materials, promotional materials, signage, ministries and churches were made by plaintiff or were in some way sponsored by, endorsed by, or associated with plaintiff.

69. Because defendant VOMC's actions have been committed with intent to damage plaintiff and to confuse and deceive the public, plaintiff is entitled to defendant's profits, treble plaintiff's actual damages, an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT V

### FEDERAL TRADEMARK DILUTION
### AGAINST DEFENDANT VOMC
### 15 U.S.C. § 1125(c)

70. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

71. This Count is pleaded against defendant VOMC.

72. Plaintiff has advertised and publicized the VICTORY OUTREACH Trademarks extensively throughout the United States and internationally. As a result of VICTORY OUTREACH's inherent distinctiveness and extraordinary widespread use, the VICTORY OUTREACH Trademarks have acquired a high degree of recognition and fame for its churches, ministries, and related services.

73. Defendant VOMC's unauthorized use of the VICTORY OUTREACH Trademarks in commerce occurred after the trademark had become famous throughout the United States and internationally.

74. Defendant VOMC's unauthorized use of the VICTORY OUTREACH Trademarks is likely to cause dilution as the ministries and churches of defendant are inferior to those of plaintiff.

75. Defendant VOMC's unauthorized use of the VICTORY OUTREACH Trademarks in marketing ministries and churches not authorized or approved by plaintiff is

likely to cause dilution as these ministries and churches are inferior and do not uphold plaintiff's standards.

76. Defendant VOMC's dilution of the VICTORY OUTREACH Trademarks as described herein has been intentional, willful, and without regard to plaintiff's rights.

77. Defendant VOMC's gained profits by virtue of their infringement of the VICTORY OUTREACH Trademarks.

78. Because defendant VOMC's actions have been committed with intent to damage plaintiff and to confuse and deceive the public, plaintiff is entitled to defendant's profits, treble plaintiff's actual damages, an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT VI

### MISSOURI LAW TRADEMARK DILUTION
### AGAINST DEFENDANT VOMC
R.S.Mo. § 417.061

79. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

80. The VICTORY OUTREACH Trademarks are valid at common law.

81. The VICTORY OUTREACH Trademarks are distinctive.

82. Defendant VOMC's use of the VICTORY OUTREACH Trademarks is likely to injure the business reputation and/or dilute the distinctive quality of the VICTORY OUTREACH Trademarks, and will cause irreparable damage to plaintiff in violation in R.S.Mo. § 417.061.

83. Plaintiff was thereby damaged.

## COUNT VII

### COMMON LAW TRADEMARK INFRINGEMENT
### AGAINST DEFENDANTS TWITTER AND VOMC

84. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

85. This Count is pleaded against defendants VOMC and Twitter.

86. Defendants have infringed the VICTORY OUTREACH Trademarks by displaying them as set forth previously herein, all of which was done without plaintiff's permission or consent.

87. Defendant VOMC's acts have been conducted maliciously, fraudulently, deliberately, and intentionally to divert sales, donations, and revenue from plaintiff and inflict injury on plaintiff.

88. Defendant Twitter's acts have been done intentionally and recklessly, without regard to plaintiff's intellectual property rights in the VICTORY OUTREACH Trademarks.

## COUNT VIII

### COMMON LAW UNFAIR COMPETITION
### AGAINST DEFENDANT VOMC

89. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

90. This Count is pleaded against defendant VOMC.

91. Defendant VOMC's acts complained of herein constitute unfair competition in violation of the common law of Missouri and any other states where defendant is conducting its activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment in its favor and against defendants Twitter, Inc. and Victory Outreach Ministries Church for the following:

a. Actual, compensatory, and punitive damages in an amount to be established at trial;

b. A preliminary and permanent injunction enjoining defendants from use of the VICTORY OUTREACH Trademarks, including any such use on the internet or on Twitter's system;

c. Reasonable attorneys' fees;

d. Pre- and post-judgment interest, and

e. Such other and further relief as may be just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial by jury of the above-styled matter.

Respectfully submitted,

By: /s/Bryant S. Ash

Arthur K. Shaffer, #51,229
Bryant S. Ash, #63,693MO
INTELLECTUAL PROPERTY CENTER, LLC
7101 College Blvd., Suite 1520
Overland Park, KS 66210
Telephone: (913) 345-0900
Facsimile:  (913) 345-0903